No. 86-314

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

STATE OF MONTANA,

        Plaintiff and Respondent,

  -vs-

RICHARD LEE TOME,

        Defendant and Appellant.

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable John McCarvel, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

    John Keith, Great Falls, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
Judy Browning, Asst. Atty. General, Helena
Patrick L. Paul, County Attorney, Great Falls,
Montana ; Steve Hagerman, Deputy County Atty.

Submitted on Briefs: May 28, 1987

Decided: September 17, 1987

Filed: SEP 17 1987

*Ethel M. Harrison*

———————————————————————
Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

Defendant Tome appeals a bench conviction for burglary and criminal mischief in the Eighth Judicial District, Cascade County. On April 11, 1986, Tome was sentenced to a prison term of ten years for burglary and ten years for criminal mischief, to run concurrently. Tome was also sentenced to ten years as a persistent felony offender, to run consecutively.

Tome presents two issues for our review:

1. Does substantial evidence support Tome's conviction?

2. Did Tome receive effective assistance of counsel?

In the early evening of March 27, 1985, the clubhouse of the Anaconda Hills Golf Course in Great Falls was forcibly entered. Money was taken from a cash register and a vending machine. Damage to the vending machine was $359, while the clubhouse received $191 worth of damage.

The investigation by the Cascade County sheriff led to defendant Tome. On March 30, 1985, a deputy brought Tome to the sheriff's office where he was advised of his <u>Miranda</u> rights. Based on Tome's admissions and other witness interviews, Tome was charged with the crimes and arraigned on April 30, 1985.

Issue 1

Does substantial evidence support Tome's conviction?

On March 18, 1986, the District Court found Tome guilty of burglary, as defined in § 45-6-204(1), MCA, and criminal mischief, a felony as defined in § 45-6-101(1)(a), MCA.

Tome contends that the only evidence supporting burglary is his oral admission, which he subsequently denied at trial. Tome asserts that the circumstantial evidence can be

2

interpreted as supporting either guilt or innocence and was therefore insufficient to establish guilt beyond a reasonable doubt.

Our standard of review on issues of substantial evidence is that a conviction cannot be overturned if the evidence, when viewed in a light most favorable to the prosecution, would allow a rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. State v. Kutnyak (Mont. 1984), 685 P.2d 901, 910, 41 St.Rep. 1277, 1289.

Our review of the record convinces us that substantial evidence supports Tome's conviction. At trial, an employee of the Black Eagle Community Center testified that Tome was in the Center near the time of the break-in. The Center is located one block from the clubhouse, on the opposite side of the street. Tome attempted to buy some drinks but did not have enough money. Tome then left for about thirty minutes and returned with a "bunch of nickels and dimes."

An employee of the golf course testified that he saw a car, which matched the description of Tome's car, parked outside the front gate of the golf course near the time of the break-in. Two deputies testified that Tome admitted to the burglary after being advised of his Miranda rights but prior to requesting an attorney.

Tome further contends that the evidence does not support a conviction of criminal mischief because the only loss sustained by the city was the $191 damage to its clubhouse. Tome's contention fails. The vending machine was leased to the golf professional, who was an employee of the city. The machine was located on city property. The State properly introduced a repair bill for $359, which itemized the damage to the machine. The professional maintained possessory control of the machine and was personally responsible for any

repair costs. As we held in State v. Holmes (Mont. 1984), 687 P.2d 662, 666, 41 St.Rep. 1535, 1539, mere possession of the property is sufficient to show ownership in a property crime. Section 45-2-101(46), MCA.

In conclusion, the evidence in Tome's trial was primarily circumstantial, there being no witnesses to the actual burglary. When circumstantial evidence is susceptible to two interpretations, one which supports guilt and the other which supports innocence, the trier of fact determines which is the most reasonable. State v. Atlas (Mont. 1986), 728 P.2d 421, 423, 43 St.Rep. 2042, 2044. Viewed in a light most favorable to the State, we hold that the evidence was reasonably interpreted and supports Tome's conviction of burglary and criminal mischief.

Issue 2

Did Tome receive effective assistance of counsel?

Tome contends that he received ineffective assistance because defense counsel agreed to six continuances, waived a jury trial, did not call witnesses in support of Tome's alibi, and did not move to dismiss the criminal mischief charge because the vending machine was not city property as charged.

We review issues of ineffective assistance of counsel under the standard of Strickland v. Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693, which states: "First the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense."

In reviewing the record, we find that Tome has shown neither deficiency of performance nor deprivation of a fair trial. Tome alleges tactical errors but fails to show how

4

these alleged errors reached the magnitude of deficient performance.

Tome's first public defender requested four continuances, citing scheduling conflicts and continuing plea negotiations. Tome's second public defender requested another continuance to familiarize herself with Tome's case. Tome assented to these continuances as evidenced by his signing a waiver of speedy trial on February 21, 1986. Contrary to Tome's contentions, the continuances reflect the efforts of counsel to provide effective, not ineffective, assistance.

Tome's waiver of a jury trial does not establish ineffective assistance of counsel. Tome's waiver of jury trial is evidenced by the written waiver filed by his counsel on June 24, 1985, nearly nine months before his trial. Tome had ample time prior to his trial to request that the waiver of jury trial be withdrawn. He elected to take his chance with a trial before the court as the trier of fact. Now, after an adverse verdict, he wishes to claim the waiver as proof of ineffective assistance counsel. This we cannot permit. State v. McCartney (1978), 179 Mont. 49, 55-56, 585 P.2d 1321, 1325.

Counsel's decision to not call alibi witnesses was a prudent trial tactic. Prior to trial, Tome's sole alibi witness failed to support Tome's story. As we have held, the decision to call or not call witnesses is a matter of trial tactics and does not determine ineffective assistance. State v. Elliott (Mont. 1986), 717 P.2d 572, 575, 43 St.Rep. 723, 726.

Counsel's failure to object to the criminal mischief charge was reasonable. The criminal mischief charge adequately notified Tome of exactly which vending machine was damaged. The purpose of an information is to reasonably apprise the accused of the charges against him so that he has

5

the opportunity to prepare and present his defense. State v. Matson (Mont. 1987), 736 P.2d 971, 975, 44 St.Rep. 874, 878. The criminal mischief information against Tome fulfilled that purpose. Any objection would have been impotent. We find that Tome was not misled by the charge or prejudiced by the lack of objection.

Tome has failed to show that counsel's performance was deficient and prejudiced his defense. Allegations of ineffective assistance of counsel must be grounded on facts which appear in or are easily deduced from the record and which go beyond mere conclusory allegations. State v. Robbins (Mont. 1985), 708 P.2d 227, 232, 42 St.Rep. 1440, 1444. We find that counsel exercised her professional judgment on matters of trial strategy. We hold that Tome received effective assistance of counsel.

Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

6