No. 90-592

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

STATE OF MONTANA,

  Plaintiff and Respondent,

v.

WILLIAM ROBERT BERNHARDT,

  Defendant and Appellant.

FILED

JUN 11 1991

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Fourth Judicial District,
               In and for the County of Missoula,
               The Honorable Douglas G. Harkin, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

        William Dee Morris, Helena, Montana

        For Respondent:

        Honorable Marc Racicot, Attorney General,
        Barbara C. Harris, Assistant Attorney General,
        Helena, Montana; Robert L. Deschamps III,
        Missoula County Attorney, Missoula, Montana


                        Submitted on Briefs:  March 21, 1991

                                Decided:  June 11, 1991

Filed:

_____
                Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

The defendant William Robert Bernhardt was found guilty of criminal possession of dangerous drugs by a jury sitting in the Fourth Judicial District, Missoula County. He appeals from that verdict.

We affirm.

The sole question presented for review is whether substantial evidence was introduced at trial upon which to convict the defendant of criminal possession of methamphetamine.

On or about March 13, 1989, the defendant was arrested in downtown Missoula for domestic abuse. During the pat-down to check for weapons, the arresting officer felt a round container in the defendant's clothing, which he assumed to be a tobacco container. The defendant was then handcuffed and placed in the back of the squad car.

The officer testified that on the ride to the station the defendant was moving around in the back seat quite a bit, rocking back and forth. After they reached the jail parking lot, the officer heard a noise that sounded to him like a hard container dropping onto some metal.

The officer took the defendant to jail, where paraphernalia customarily used to take drugs was found in his pocket. The arresting officer returned to the patrol car and checked the back seat area. Under the cushion of the back seat, he found a

2

small green plastic container and two "bindles." Residue in the container later tested positive for cocaine and the material in the bindles tested positive for methamphetamine.

The defendant was convicted by a jury of criminal possession of methamphetamine, and the court sentenced him to five years in the Montana State Prison, all of which were suspended.

The issue is whether substantial evidence was presented at trial to convict the defendant of possession of methamphetamine.

The arresting officer testified that it was during the pat down search that he initially felt the object which seemed like a chewing tobacco can that later proved to be a cocaine container. The defendant maintains that that evidence could support a charge of possession of cocaine, since that was what was found in the container, but not possession of methamphetamine. He states that the evidence does nothing to directly connect the defendant with the two bindles of methamphetamine found in the vicinity of the plastic container. The defendant reasons that the jury verdict must have been "based on inferences only, a use of circumstantial evidence forbidden by law."

The evidence supporting the defendant's conviction for possession of methamphetamine is sufficient to support the verdict. "Our standard of review on issues of substantial evidence is that a conviction cannot be overturned if the evidence, when viewed in a light most favorable to the prosecution, would allow a rational trier of fact to find the essential elements of the

crime beyond a reasonable doubt." State v. Tome, 228 Mont. 398, 400, 742 P.2d 479, 481 (1987), citing State v. Kutnyak, 211 Mont. 155, 174, 685 P.2d 901, 910 (1984). "When circumstantial evidence is susceptible to two interpretations, one which supports guilt and the other which supports innocence, the trier of fact determines which is the most reasonable." State v. Tome, 228 Mont. at 401, 742 P.2d at 481.

We have defined "substantial" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." State v. Kutnyak, 211 Mont. at 174, 685 P.2d at 910.

"Possession" is the element of the crime in question here. "Possession" is defined as the knowing control of anything for a sufficient time to be able to terminate control. Section 45-2-101(52), MCA. The testimony of the officer established the defendant's presence and position in the car, his motions, and the sound of an item hitting against metal in the back seat while the defendant was sitting there. The officer testified that the round container matched the size and shape of the container earlier felt in the defendant's pocket and that the bindles of methamphetamine were with the container when found. The officer also testified that the police vehicle was locked when he and the defendant were away from it and that he recalled no one else who could have deposited the items.

The foregoing evidence of possession of the bindles of methamphetamine is substantial enough to support the trier of fact's verdict of guilty.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices