No. 98-388

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 271

STATE OF MONTANA,

Plaintiff and Respondent,

v.

JAMES ANDERSON NICHOLS,

Defendant and Appellant.

APPEAL FROM: District Court of the Sixth Judicial District,

In and for the County of Park,

The Honorable Nels Swandal, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Karl Knuchel, Attorney at Law, Livingston, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General;

Jennifer Anders, Ass't Attorney General, Helena, Montana

Tara DePuy, Park County Attorney;

Catherine L. Truman, Deputy County Attorney, Livingston, Montana

Submitted on Briefs: October 1, 1998

Decided: November 12, 1998

Filed:

No

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

**¶1. The Park County Attorney charged James Anderson Nichols (Nichols) with six counts of criminal sale of a dangerous drug, a felony in violation of § 45-9-101, MCA. Pursuant to a plea agreement, the State dismissed Counts 1, 4, 5 and 6 and Nichols entered an *Alford* plea as to Counts 2 and 3, but reserved his right to file a motion to dismiss in the District Court. Nichols then filed a motion to dismiss arguing that, since the State could not produce the alleged dangerous drugs, it would be unable to conduct any scientific testing of the substances, and without any testimony from a laboratory expert, the State would be unable to positively identify the substance and, thus, unable to prove its case. The District Court denied the motion to dismiss and Nichols appeals from that order.**

**¶2. The facts, as alleged in the affidavit in support of the motion to file the information, are as follows:**

During an investigation of a juvenile runaway, Deputy Scott Hamilton of the Park County Sheriff's Department obtained information that there had been an alcohol and marijuana party in Gardiner, Park County, Montana, on April 5, 1997, at which numerous juveniles were present. Deputy Hamilton was provided with a list of juvenile names who had been present at the party at the Proffit residence.

On April 13, 1997, Deputy Hamilton interviewed Bobbie Perkins, sixteen years of age. Mr. Perkins stated that on April 5, 1997, he was present at the Proffit residence between

9:30 p.m. and 10:00 p.m. for a party. Numerous juveniles were at the party. Two adults furnished vodka, orange juice and schnapps. Beer was also present at the party.

At approximately 11:30 p.m. Mr. Perkins went into the kitchen of the residence. Defendant took out a marijuana pipe, took marijuana out of a film canister, packed the pipe with the marijuana and passed it around numerous times. Every time the pipe was packed with marijuana, defendant packed the pipe. Defendant also smoked marijuana from the pipe. Mr. Perkins identified several people who smoked marijuana, including several juveniles.

Deputy Hamilton continued his investigation and interviewed numerous juveniles who were at the party at the Proffit residence on April 5, 1997. Deputy Hamilton also interviewed Mark Chmura, an adult, who admitted to smoking marijuana at the party with defendant and several juveniles. Through his investigation Deputy Hamilton was able to identify five juveniles and Mr. Chmura who defendant gave marijuana to and who smoked the marijuana at the party.

**¶3. In denying Nichols' motion to dismiss, the District Court held:**

The Court believes that the State of Montana can proceed to trial without expert testimony that the substance passed around was marijuana, because marijuana is a drug which is readily identifiable; [and] . . . the question of whether it was, in fact, marijuana, would be a factual question for the jury, who would have to judge the credibility of the witnesses[.]

**¶4. We agree with the District Court that Nichols' challenge to the sufficiency of the evidence through a pretrial motion to dismiss was premature because such a challenge can only be made after the State has had an opportunity to present its evidence to the trier of fact.**

**¶5. Nichols relies on State v. Salois (1988), 235 Mont. 276, 766 P.2d 1306, and State v. Henrich (1994), 268 Mont. 258, 886 P.2d 402, for his contention that the charges should be dismissed due to the inability of the State to provide expert, scientific**

testimony as to laboratory testing of the substances in question.

¶6. In *Salois*, the defendant challenged the sufficiency of the evidence in light of the State's failure to test the marijuana alleged to have been in his possession. This Court held:

"Although we have previously stated that it is preferable to have suspected drug substances tested by the state crime lab, failure to do so does not always render the evidence insufficient to convict a defendant beyond a reasonable doubt." *Salois*, 235 Mont. at 279, 766 P.2d at 1309.

¶7. In *Salois*, we determined that there was sufficient evidence from which the jury could conclude that the substance confiscated was marijuana. *Salois*, 235 Mont. at 282, 766 P.2d at 1310. The investigating officer testified that he was familiar with the substance and believed it to be marijuana, and an expert who visually inspected a similar substance found throughout the house confirmed that it appeared to be marijuana. *Salois*, 235 Mont. at 280-81, 766 P.2d at 1309-10. This Court concluded " 'that marijuana is not difficult to characterize without chemical analysis and that testimony of officers who have had experience searching for and identifying marijuana is sufficient.' " *Salois,* 235 Mont. at 282, 766 P.2d at 1310, *quoting* State v. Ostwald (1979), 180 Mont. 530, 540, 591 P.2d 646, 652.

¶8. Here, Nichols sought to have the charges dismissed in a pre-trial motion. He requested that the trial court resolve an issue of fact before the State was given an opportunity to present its proof to the trier of fact--the jury. This is clearly distinguishable from the situation in *Salois*, in which the defendant challenged the sufficiency of the evidence only after the State had presented its case to the jury.

¶9. Nichols' reliance on *Henrich* is likewise misplaced since it, too, involved a challenge to the sufficiency of the evidence under a jury trial. The fact that both trial and appellate courts entertain post-trial challenges to the sufficiency of the evidence does not support

Nichols' proposition that a court can, prior to trial, dismiss charges on an assumption that the State will not be able to produce sufficient evidence to support its charge.

¶10. Nichols seeks to have this Court focus on evidence he assumes the State will not

be able to produce (i.e., expert laboratory testing) and to ignore any evidence that the State might be able to produce at trial, for example, witness testimony concerning admissions or representations by a defendant as to the nature of the substance; testimony regarding the observable characteristics of the substance--appearance, smell, taste, and side effects of ingestion or inhalation. We hold that such a challenge to the sufficiency of the State's evidence can only be made post-trial after the State has had an opportunity to present its case and to meet its burden of proof.

¶11. In signing the "Acknowledgment of Rights and Pretrial Agreement," Nichols acknowledged that he had the "right to have the charges proven beyond a reasonable doubt and to appeal a finding of guilty." He further recognized that, by pleading guilty, he thereby waived his right to have the State prove the charges beyond a reasonable doubt. Having entered a guilty plea on that basis, he cannot then be heard to argue that, if put to the test at trial, the State would have failed in its burden of proof. If he had doubts about the State's ability to shoulder its burden of proof, he should have proceeded to trial and let the jury resolve any factual issues bearing upon his guilt or innocence.

¶12. The decision of the District Court denying the motion to dismiss is affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY

/S/ WILLIAM E. HUNT, SR.

/S/ JAMES C. NELSON

/S/ JIM REGNIER