No. 05-225

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 337

STATE OF MONTANA,

       Plaintiff and Respondent,

  v.

JEFF R. LYNCH,

       Defendant  and Appellant.


APPEAL FROM:    District Court of the Eighth Judicial District,
                    In and For the County of Cascade, Cause No. ADC 04–043
                    Honorable David G. Rice, Presiding Judge


COUNSEL OF RECORD:

       For Appellant:

       Meghan Lulf Sutton, Great Falls, Montana

       For Respondent:

       Hon. Mike McGrath, Attorney General; Kathy Seeley, Carlo
       Canty, Assistant Attorneys General, Helena, Montana


                    Submitted on Briefs:  November 1, 2005

                            Decided:  December 23, 2005


Filed:

              _____
                        Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1      Jeff R. Lynch appeals from the judgment and order deferring imposition of sentence entered by the Eighth Judicial District Court, Cascade County, upon his plea of nolo contendere to the felony offense of criminal endangerment.  We affirm.

¶2      The restated issue on appeal is whether the District Court erred in denying Lynch's assertion of the affirmative defense of renunciation with respect to the charge of solicitation to commit deliberate homicide.

**BACKGROUND**

¶3      In January of 2004, the State of Montana charged Lynch by Information with the felony offense of solicitation to commit deliberate homicide.  In the supporting affidavit, the State alleged that on December 22, 2003, Clifford Wagner sent a "kite" from the Cascade County jail to a sheriff's deputy, stating he had information "on someone trying to hire me to kill their wife."  The affidavit further stated Wagner later told deputies Lynch had asked him to "take care of his wife" in exchange for Lynch acting as his attorney in certain criminal and civil matters.

¶4      Law enforcement arranged for Wagner's release so he could make the following recorded call to Lynch, a transcript of which appeared in the affidavit:

    CW:  I walked by your old lady's house[.]

    JL:    (laughs)

    CW:  Yea.  Yea it has this sign in there . . is say's [sic] go to the Back[.]

    JL:    yea, yea that it . . . well I don't know, . . . leave her alone[.]

2

CW:    are you sure[?]

JL:    yea, I'm going to fuck her up with a, I'm going to sue the shit out of her, I don't need, I don't need you getting in any more trouble, leading to me getting into trouble, and both of us showing up in prison, so just leave her alone . . . maybe that will change.  I don't know now but leave her alone for now.

CW:    for right now just leave her alone[.]

JL:    but here's the thing . . . is that she . . I, I filed a lawsuit against her as soon as I got out[.]

CW:    she is just going to keep fucking with you[.]

JL:    I know she is but, I, I, I, I don't know . . I'm hoping that if I sue the shit out of her she'll stop, so anyway I, I filed this lawsuit against her and I, the sheriff served it on her yesterday so I'm fully prepared she's mad as hell about this and the Billings Police are going to come and arrest me and transport me to Great Falls in a fucking week or something.  So I know just she, she's such a fucking psycho, I don't want to fuck with her just leave her alone[.]

CW:    did you already have someone else or something[.]

JL:    uhhh[.]

CW:    did you already ask someone else . . . OK[.]

JL:    no, no[.]

CW:    I don't mind . . .

JL:    I want, I want to make a big, big bunch of money on your case . . (laughs) and I don't want, I don't want to screw that up by you going to prison and me going to prison or anything else so, let's just lay back for now.

¶5    Lynch initially pled not guilty. He subsequently filed a notice that he would "rely on the affirmative defense of RENUNCIATION/WITHDRAWAL." After a hearing, the District Court denied Lynch's assertion of the affirmative defense.

¶6    In December of 2004, Lynch and the State executed a plea agreement, pursuant to which Lynch would plead nolo contendere to the amended charge of criminal endangerment, a felony. Lynch reserved the right to appeal the denial of his assertion of the affirmative defense of renunciation/withdrawal. At a hearing, Lynch pled nolo contendere to the criminal endangerment charge and the District Court accepted the plea. After a separate hearing, the court entered judgment, deferred sentencing for two years subject to conditions, and ordered Lynch's probation officer to submit a report with recommendations in one year. Lynch appeals.

## STANDARD OF REVIEW

¶7    The District Court's determination that Lynch was not entitled to assert the affirmative defense of renunciation is a legal conclusion. We review conclusions of law for correctness. *See State v. Polaski*, 2005 MT 13, ¶ 10, 325 Mont. 351, ¶ 10, 106 P.3d 538, ¶ 10 (citation omitted).

## DISCUSSION

¶8    *Did the District Court err in denying Lynch's assertion of the affirmative defense of renunciation with respect to the original charge of solicitation?*

¶9    A person commits the offense of solicitation when, with the purpose that an offense be committed, he or she commands, encourages, or facilitates the commission of that offense. Section 45-4-101(1), MCA. Lynch concedes the Montana Legislature has not

4

codified renunciation as an affirmative defense to a solicitation charge. He asserts, however, that he "should have been entitled to assert the affirmative defense of renunciation as it certainly applied in his case, and imposed no additional burden on the State to prove any element."

¶10 Relying on *State v. Bullock* (1995), 272 Mont. 361, 382, 901 P.2d 61, 74, Lynch contends states must afford their citizens protections equal to or greater than those afforded by the federal Constitution. The portion of *Bullock* advanced by Lynch concerned constitutional, rather than statutory, issues. *See Bullock*, 272 Mont. at 382, 901 P.2d at 74. *Bullock* does not require that the Montana Legislature must enact statutes to "match" federal statutes. Therefore, Lynch's reliance on *Bullock* is misplaced.

¶11 Lynch also asserts that Arizona has enacted Ariz. Rev. Stat. § 13-1005, a state statute that, like the federal statute 18 U.S.C. § 373, recognizes renunciation as an affirmative defense to a solicitation charge. We acknowledge that, like Arizona, several states have enacted statutes setting forth "voluntary" and "complete" renunciation as an affirmative defense to a charge of solicitation. *See, e.g.*, Ark. Code Ann. § 5-3-302; Colo. Rev. Stat. § 18-2-301(4); Del. Code Ann. tit. 11, § 541; Haw. Rev. Stat. § 705-530(2); Idaho Code § 18-2003; Kan. Stat. Ann. § 21-3303(c). State legislatures are free to adopt a wide variety of statutory affirmative defenses. The Montana Legislature, however, has not enacted the affirmative defense of renunciation with respect to a charge of solicitation.

5

¶12 Lynch also observes that a person charged with an offense under a theory of accountability may assert a defense similar to renunciation. Section 45-2-302(3)(b), MCA, provides, in part, that a person charged with an offense under a theory of accountability

> is not so accountable if:
> . . .
> (b) before the commission of the offense, he terminates his effort to promote or facilitate such commission and does one of the following:
> (i) wholly deprives his prior efforts of effectiveness in such commission;
> (ii) gives timely warning to the proper law enforcement authorities; or
> (iii) otherwise makes proper effort to prevent the commission of the offense.

In this regard, we note that § 45-4-103(4), MCA, sets forth an affirmative defense involving "voluntary and complete renunciation" with respect to a charge of attempt.

¶13 Here, the State did not charge Lynch with deliberate homicide under a theory of accountability; nor did it charge him with attempt. In any event, the State has broad discretion in making charging decisions and, when the facts of a case support more than one possible charge, the crime to be charged is a matter of prosecutorial discretion. *See State v. Cameron*, 2005 MT 32, ¶ 17, 326 Mont. 51, ¶ 17, 106 P.3d 1189, ¶ 17 (citations omitted). The issue here is whether the affirmative defense of renunciation is available with respect to the offense charged, which was solicitation to commit deliberate homicide. Whether the affirmative defense is statutorily available for other possible charges is irrelevant.

¶14 Next, Lynch asserts Montana has "codified several other common law affirmative defenses" in § 46-15-323(2), MCA. Section 46-15-323(2), MCA, imposes a requirement on a criminal defendant to disclose any intention to introduce evidence at trial of good character

6

or certain delineated defenses. Lynch advances no authorities, as required by Rule 23(a)(4), M.R.App.P., in support of his assertion that this statute constitutes a "codification" of common law defenses or his apparent position that renunciation is a common law defense to solicitation. Thus, we decline to address this assertion further.

¶15 Lynch also argues that, if he had proceeded to trial without being allowed to assert renunciation as an affirmative defense and obtain a jury instruction to that effect, the State would have "elevate[d] Wagner's credibility in an account of an inherently unreliable, unrecorded oral conversation over a transcribed, telephonic conversation where Lynch's intent is clear" and the jury would have "focus[ed] on Wagner's statements regarding *his* interpretation of the conversation." In this regard, he points to the State's argument in the District Court that "the crime of solicitation is complete at the time that [Lynch], with the intent that the crime be committed, solicited." His argument is--and must remain--entirely speculative because Lynch chose not to proceed to trial, thereby waiving his ability to directly challenge Wagner's credibility through all available means.

¶16 Lynch devotes the remainder of his appellate brief to summarizing several cases from Montana and other jurisdictions regarding the sufficiency of the evidence to support a finding that an individual committed solicitation of an offense, and apparently argues these cases have some application to the "purpose that an offense be committed" element of solicitation. The cases are irrelevant to the issue preserved for appeal, which is whether the District Court improperly denied Lynch's assertion of renunciation as an affirmative defense to the solicitation charge. Furthermore, having pled nolo contendere to an amended charge,

7

Lynch cannot now be heard to challenge the State's ability to prove the requisite elements of the originally charged offense beyond a reasonable doubt. *See State v. Nichols*, 1998 MT 271, ¶ 11, 291 Mont. 367, ¶ 11, 970 P.2d 79, ¶ 11. Therefore, we decline to address these cases.

¶17 We hold the District Court did not err in denying Lynch's assertion of the affirmative defense of renunciation with respect to the original charge of solicitation.

¶18 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JIM RICE
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ JAMES C. NELSON