JUSTICE RICE,
dissenting.
¶20 In an analysis of the sufficiency of the evidence, it is particularly important to examine all the evidence before the trier of fact, yet the Court ignores significant circumstantial evidence that was presented at trial. A conviction may be overturned for insufficient evidence only after viewing all the evidence presented, in the light most favorable to the prosecution, to determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Henrich, 268 Mont. at 268, 886 P.2d at 408. The weight and credibility of evidence is exclusively within the province of the jury. Henrich, 268 Mont. at 268, 886 P.2d at 408. “A single witness’ testimony is sufficient to prove a fact, and the State may use circumstantial evidence to prove any element of an offense.” State v. Kaske, 2002 MT 106, ¶ 25, 309 Mont. 445, 47 P.3d 824 (citation omitted). ‘When circumstantial evidence is susceptible to two interpretations, one which supports guilt and the other which supports innocence, the trier of fact determines which is the most reasonable.” State v. Bernhardt, 249 Mont. 30, 32, 813 P.2d 436, 437 (1991). Conflicting testimony does not render the evidence insufficient to support a conviction. State v. Wood, 2008 MT 298, ¶ 43, 345 Mont. 487, 191 P.3d 463.
¶21 At trial, it was undisputed that Jones babysat for Burwell while he went to work at a fencing job. Additional testimony, not mentioned by the Court, is as follows. Burwell asserted that he agreed to pay Jones in cash for the babysitting after he was paid for the fencing job. He had not worked any other job for the entire summer so did not have any money with which to pay her until after he was paid for this job. *407 However, in addition to admitting that he did not pay Jones in cash that night, he claimed that Jones simply failed to ever return to collect her cash payment for the babysitting job, so he never paid her anything. From its beginning, Burwell’s story made no sense, and it is not surprising that the jury rejected it.
¶22 Additionally, Burwell admitted that at the time Jones stated she received the marijuana from him, he and his son “were allowed to grow [their] own plants by state law. And after the law changed, we got rid of our plants and stuff; but at that time we were able to grow our own.” Thus, the substantial amount of marijuana in the home at that time provided further circumstantial evidence against Burwell.
¶23 It was up to the jury to decide whether to believe Jones’s version of events or Burwell’s. The jury accepted Jones’s version, and as such there needed to be sufficient evidence from which they could conclude that the substance Burwell gave to Jones was marijuana and not some other substance. Unlike the situation in Henrich, where a minor with no prior history of methamphetamine use testified as to the identity of the substance with no other circumstantial evidence, Jones testified to having experience with marijuana and its effects, necessarily including familiarity with the appearance, smell, and characteristics. Jones’s direct testimony that she recognized the substance she received from Burwell as marijuana due to her prior experience with smoking marijuana, along with her testimony that she and Burwell smoked some together is sufficient for a rational trier of fact to conclude that the substance she received was in fact marijuana. Additionally, Jones’s testimony was supported by circumstantial evidence that Burwell did not have money to pay Jones in cash due to only having one odd job all summer, never paid her or attempted to pay her in cash, and had access to marijuana plants due to being a medical marijuana cardholder who, at that time, grew his own plants.
¶24 ‘TM]arijuana is not difficult to characterize without chemical analysis.” Salois, 235 Mont. at 282, 766 P.2d at 1310 (citations omitted); State v. Nichols, 1998 MT 271, ¶ 7, 291 Mont. 367, 970 P.2d 79; State v. Ostwald, 180 Mont. 530, 540, 591 P.2d 646, 652 (1979) (citing William A. Harrington, Sufficiency of Prosecution Proof that Substance Defendant is Charged with Possessing or Selling, or Otherwise Unlawfully Dealing in, is Marijuana, 75 A.L.R.3d 717 (1977)); see also In re Ondrel M., 918 A.2d 543 (Md. Spec. App. 2007) (“A witness need only to have encountered the smoking of marijuana in daily life to be able to recognize the odor.”). We have previously held that matters of common knowledge and observation, such as *408 intoxication, can be presented to the jury by a lay witness so long as the lay witness testifies from personal knowledge. Meinecke v. Intl. Transp. Co., 101 Mont. 315, 322, 55 P.2d 680, 681 (1936); State v. Carter, 285 Mont. 449, 456, 948 P.2d 1173, 1177 (1997). Similar to allowing a lay witness to testify about the nature of alcohol and intoxication, I would hold the testimony here, of a lay witness identifying marijuana from prior experience with the drug, along with the confirming circumstantial evidence, is sufficient to establish the identity of the substance.
¶25 While Burwell’s version of events clearly differs from Jones’s, it was up to the jury to determine the facts. Upon consideration for sufficiency of the evidence, I would hold that sufficient evidence was presented for the jury to find Burwell guilty beyond a reasonable doubt of criminal distribution of dangerous drugs.
¶26 I dissent.