FILED

11/01/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0642

DA 14-0642

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 278N

STATE OF MONTANA,

Plaintiff and Appellee,

v.

SCOTT DAVID WRIGHT,

Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 13-517
Honorable Karen Townsend, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Chad Wright, Chief Appellate Defender, Moses Okeyo, Assistant
Appellate Defender, Helena, Montana

For Appellee:

Timothy C. Fox, Montana Attorney General, Brenda K. Elias, Assistant
Attorney General, Helena, Montana

Kristen Pabst, Missoula County Attorney, Shaun Donovan, Deputy
County Attorney, Missoula, Montana

Submitted on Briefs:  September 21, 2016

Decided:  November 1, 2016

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Scott David Wright appeals his conviction for failure to register as a sexual or violent offender, a felony, in violation of § 46-23-504, MCA.  We address:  (1) Whether the State of Montana produced sufficient evidence to prove that Wright knowingly failed to adequately register as a sex offender; and (2) Whether the District Court abused its discretion in giving the jury an instruction on circumstantial evidence.  We affirm.

¶3      On September 22, 2013, Wright was released from a ten-year prison sentence in Washington.  Immediately after his release, Wright travelled to Missoula. On September 25, 2013, Wright filled out two Montana Department of Justice forms: a Sexual or Violent Offender Registration Form and a Sexual or Violent Offender Registry (SVOR) Change of Information Form.  On both forms, Wright listed "106 Grove" in Missoula as his primary address and his mother's home address at 2840 Santa Fe Court, Apartment 321, as his mailing address.  In front of each address, Wright wrote "temp." or "temporary."  At some point before Wright's release from prison, the address Wright identified as "106 Grove" had been changed to 2525 Larkin Wood Drive.  Several years before Wright's release, Ed Johnson, who lives at this residence, told Wright in a letter

that Wright could stay with Johnson at his home in Missoula upon his release. Wright did not respond to Johnson's offer, and they never discussed it again. Approximately one week before Wright's release from prison, law enforcement contacted Johnson and informed him of Wright's plan to live with him. Law enforcement also informed Johnson that Wright was required to register as a Level 3 Sexual Offender with the SVOR. After learning that Wright was required to register as a sex offender, Johnson told law enforcement that Wright would not be allowed to live with him. Johnson also informed Wright's mother in three separate conversations—twice via telephone and once in person—that Wright could not stay with him and would need to make other arrangements.

¶4 Despite identifying Johnson's home as his primary residence, Wright never resided at Johnson's home. On September 28, 2013, Wright was arrested at his mother's home at 2840 Santa Fe Court. The State charged Wright with Failure to Register as a Sexual or Violent Offender in violation of § 46-23-504, MCA, and designated Wright as a persistent felony offender. The matter was set for trial.

¶5 Prior to trial, Wright objected to the District Court's proposed jury instruction on circumstantial evidence. The proposed instruction provided: "When circumstantial evidence is susceptible to two interpretations, one that supports guilt and the other that supports innocence, the jury determines which is most reasonable." The District Court overruled Wright's objection. At the close of the State's case, Wright moved to dismiss the charge against him, arguing that the State did not produce sufficient evidence to meet

its burden of proof. The District Court denied Wright's motion. Wright appeals the District Court's ruling on his motion to dismiss due to insufficient evidence and its jury instruction on circumstantial evidence.

¶6 We review de novo whether sufficient evidence existed to support a jury's verdict. *State v. Azure*, 2008 MT 211, ¶ 13, 344 Mont. 188, 186 P.3d 1269. We will affirm the verdict if, reviewing the evidence "in a light most favorable to the prosecution," a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Azure*, ¶ 13. We review jury instructions in a criminal case for abuse of discretion. *State v. Zlahn*, 2014 MT 224, ¶ 14, 376 Mont. 245, 332 P.3d 247. "A district court has broad discretion when it instructs a jury, and reversible error occurs only where the instructions prejudicially affect the defendant's substantial rights." *Zlahn*, ¶ 14.

¶7 *1. Whether the State of Montana produced sufficient evidence to prove that Wright knowingly failed to adequately register as a sex offender.*

¶8 Pursuant to § 46-23-504(1)(c), MCA, a sex offender must register with the SVOR "within 3 business days of entering a county of this state for the purpose of residing or setting up a temporary residence for 10 days or more . . . ." In addition, "[a]t the time of registering, the offender shall sign a statement in writing" that provides, among other information, the address of the offender's residence. Section 46-23-504(3), MCA. "If an offender resides in more than one location within the same county or municipality, the registration agency shall require the offender to provide all of the locations where the offender regularly resides and to designate one of them as the offender's primary residence." Section 46-23-504(4), MCA. If an offender changes his or her residence

4

"the offender shall within 3 business days of the change appear in person and give notification of the change to the registration agency . . . ." Section 46-23-505(1), MCA. Pursuant to § 46-23-507, MCA, "[a] sexual or violent offender who knowingly fails to register, verify registration, or keep registration current" may be imprisoned and fined.

¶9    Wright contends that the State did not produce sufficient evidence to prove that he "knowingly" provided an improper address when he registered as a sex offender because the State did not show that Wright was aware Johnson revoked his offer of residence. Pursuant to Montana law, the District Court instructed the jury that "[a] person acts knowingly when the person is aware of his or her conduct," s*ee* § 45-2-101(35), MCA, and "circumstantial evidence may be used to determine the existence of a particular mental state." *See* § 45-2-103(3), MCA ("The existence of a mental state may be inferred from the acts of the accused and the facts and circumstances connected with the offense."). Wright does not challenge these instructions. As the State points out, Johnson testified that Wright never accepted or asked Johnson about his offer, never asked Johnson for a key or discussed moving his belongings to Johnson's home, never stepped foot into Johnson's residence, and did not contact Johnson after his arrival in Missoula. From the evidence presented at trial, the jury could infer that Wright was aware that he provided Johnson's address on his SVOR forms but never resided at that address nor contacted its inhabitant during the six days he was in Missoula before his arrest. Therefore, reviewing the evidence "in a light most favorable to the prosecution," a

rational trier of fact could have found beyond a reasonable doubt that Wright knowingly failed to properly register with the SVOR. *See Azure*, ¶ 13.

¶10    *2.    Whether the District Court abused its discretion in giving the jury an instruction on circumstantial evidence.*

¶11    Wright also contends that the District Court abused its discretion in giving the jury an instruction on circumstantial evidence because it "lessened the State's burden of proof by allowing the jury to find Mr. Wright guilty based on insufficient proof and a 'most reasonable' standard." Wright proposed adding additional language to the instruction to clarify that the State's burden is proof beyond a reasonable doubt. The District Court overruled Wright's objection, noting that it would explain the State's burden elsewhere in its instructions. The District Court gave a "reasonable doubt" instruction to the jury three times during the trial: before opening statements, before closing arguments, and during its instruction on the elements of the crime.

¶12    "[J]ury instructions must fully and fairly instruct the jury regarding the applicable law." *Azure*, ¶ 13. Wright notes that we have used the language he objects to—"When circumstantial evidence is susceptible to two interpretations, one that supports guilt and the other that supports innocence, the jury determines which is most reasonable"—since at least 1987. *See State v. Tome*, 228 Mont. 398, 401, 742 P.2d 479, 481 (1987) (using the term "trier of fact" instead of "jury"). More recently, in *State v. Bowman*, 2004 MT 119, ¶¶ 53-54, 321 Mont. 176, 89 P.3d 986, we held that the district court's use of an almost-identical instruction to the one at issue here "adequately instructed the jury in accordance with the law." Wright asks us to overrule this precedent. The State responds

6

that the District Court's instruction on circumstantial evidence was merely a variation on the jury's duty to weigh the evidence and make a determination regarding the credibility of the witnesses. *See State v. Vandersloot*, 2003 MT 179, ¶ 18, 316 Mont. 405, 73 P.3d 174 ("The weight of the evidence and the credibility of the witnesses are exclusively the province of the trier of fact and, in the event of conflicting evidence, it is within the province of the trier of fact to determine which will prevail."). We agree. Moreover, given that the District Court instructed the jury that the State's burden of proof is beyond a reasonable doubt on three separate occasions, Wright has not demonstrated that its instruction on circumstantial evidence prejudicially affected his substantial rights. The District Court did not abuse its discretion in giving its circumstantial evidence instruction.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's interpretation and application of the law were correct and its ruling was not an abuse of discretion. We affirm.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ LAURIE McKINNON

7