SPECHT v. HOWARD ET AL.

1. Where improper evidence has been suffered by the court to get before the jury, it is properly afterwards withdrawn from it.
2. On a suit by the indorsee of a negotiable note which has no place of payment specified in it, against the indorser who relied on a confessedly defective demand on the maker, of payment; that is to say, on a fruitless effort at demand, in the place where the note was dated, but in which place the maker did not live, parol evidence that at the time when the note was drawn, it was agreed between the maker and the indorsee that it should be made payable in the place where the effort to demand payment had been made, and that this place of payment had been omitted

---

* Dame v. Wingate, 12 New Hampshire, 291.

by the mistake of the draughtsman—being evidence to vary or qualify the absolute terms of the written contract—would be improperly let in to the jury and would be properly withdrawn.

ERROR to the Circuit Court for the Western District of Tennessee.

*Mr. D. K. McRae,* for the plaintiff in error ; *Messrs. R. M. Corwine and Quinton Corwine,* contra.

Mr. Justice SWAYNE stated the case, and delivered the opinion of the court.

The defendants in error were the plaintiffs in the court below. The action was upon a promissory note made by Jehl & Brother to Specht, and by him indorsed to Howard, Sanger & Co., the plaintiffs. The makers and indorser lived in Memphis. The indorsees lived in the city of New York, and the note was made and indorsed there. No place of payment was mentioned in the note. At its maturity the makers were sought in the city of New York, and not being found, the note was protested for non-payment, and notice was given by mail to the indorser. Upon the trial, after proof of the protest and notice, the plaintiffs offered to prove that at the time the note was drawn, it was agreed between the makers, and Howard, Sanger & Co., that it should be made payable in the city of New York, and that the place of payment was omitted by the mistake of the draughtsman. Specht objected to the admission of the testimony. The objection was overruled and he excepted. The agreement and mistake were proved. Specht then offered to prove that he had not consented that the note should be made payable in New York. The testimony was rejected and he excepted. He then asked the court to rule that the plaintiffs' evidence showed such a change in his contract of indorsement as discharged him from liability. The court refused so to rule, and he excepted. The court then withdrew from the jury the evidence relating to the parol agreement, and ruled that the proof of demand and notice was insufficient to create any liability on the part of the defend-

ant. Specht excepted to the withdrawal of the evidence as to the parol agreement. The plaintiffs then proved that, after the maturity of the note, Specht, with a full knowledge of the defective demand and notice, promised to pay the note. No objection was made to the admission of this testimony, nor to the charge of the court upon the subject. The jury found for the plaintiffs and judgment was rendered accordingly.

The error complained of is, that the court withdrew from the jury the evidence touching the parol agreement as to the place of payment made contemporaneously with the drawing and execution of the note. The plaintiff in error insists that, being a surety, it altered and discharged his contract.

The evidence was improperly admitted and was properly withdrawn. The agreement was a nullity and could not in any wise affect the rights of either of the parties. " It is a firmly settled principle that parol evidence of an oral agreement alleged to have been made at the time of the drawing, making, or indorsing of a bill or note, cannot be permitted to vary, qualify, or contradict, to add to or subtract from the absolute terms of the written contract."* An agreement between the creditor and principal must, to exonerate the surety, be one " binding in law upon the parties."†

JUDGMENT AFFIRMED.

---

* Parsons on Notes and Bills, 501.
† McLemore *v.* Powell, 12 Wheaton, 554.