No. 87-424

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

THE STATE OF MONTANA,

   Plaintiff dd Respondent,

 -vs-

LESTER WILLIAM CRAZY BOY,

   Defendant and Appellant.

---

APPEAL FROM: District Court of the Eighth Judicial District,
      In and for the County of Cascade,
      The Honorable John McCarvel, Judge presiding.

COUNSEL OF RECORD:

 For Appellant:

   Patrick F. Flaherty, Great Falls, Montana

 For Respondent:

   Mike Greely, Attorney General, Helena, Montana
   Betsy Brandborg, Asst. Atty. General, Helena
   Patrick L. Paul, County Attorney, Great Falls, Montana
   Jeff McAllister, Deputy County Atty., Great Falls

---

      Submitted on Briefs: May 6, 1988

        Decided: June 21, 1988

Filed: JUN 2 1 1988

_____
      Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Lester William Crazy Boy (defendant) appeals from a Cascade County District Court order denying his motion for a new trial after his conviction for deliberate homicide. We affirm.

On March 3, 1987, defendant attended a party at an apartment in Great Falls, Montana. At approximately 10:15 p.m. that night, Jess Monty Cochran (Cochran) arrived at the apartment and asked where the women were. Another person present at the party, Xavier Ortiz, answered that defendant was the closest thing to a woman at the party to imply that defendant was homosexual. Cochran proceeded to assault defendant who was passed out in a sitting position on a couch. Defendant awakened and attempted to defend himself. The fight was broken up only to be resumed a few minutes later. Cochran apparently had an aversion for homosexuals and continued to badger and insult defendant during the evening.

The suggestion was made that the two men take their fight outside. Cochran went to the front door and waited for defendant. Defendant went to the kitchen and selected a five-inch serrated kitchen knife. Defendant then approached Cochran while Cochran's back was turned. Defendant grabbed Cochran, turned him around, said "nobody calls me a . . . queer," and proceeded to stab Cochran. Cochran died the next day of a severed renal vein.

Defendant was charged by information on March 5, 1987, with deliberate homicide pursuant to § 45-5-102(1)(a), MCA, for the stabbing death of Jess Cochran. A jury convicted defendant of deliberate homicide on July 9, 1987. On August 26, 1987, the District Court heard arguments on defendant's motion for a new trial and denied the motion on the same day.

Defendant appeals from the order denying his motion for a new trial and raises the following issues:

1. Is there substantial evidence in the record to support a conviction for the crime of deliberate homicide?

2. Did the District Court err in excluding evidence regarding the nature of the apartment where the stabbing took place, demonstrative evidence of defendant's fighting abilities, and evidence of the victim's prior violent acts?

3. Was the jury properly instructed on the law of circumstantial evidence, self-defense, and the duty to retreat?

4. Is defendant entitled to a new trial on the basis of jury misconduct?

The standard of review here is whether the evidence, when viewed in a light most favorable to the State, is sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. State v. Gilpin (Mont. 1988), ____ P.2d ____, 45 St.Rep. 863, 873; State v. Tome (Mont. 1987), 742 P.2d 479, 481, 44 St.Rep. 1629, 1630; State v. Geyman (Mont. 1986), 729 P.2d 475, 476, 43 St.Rep. 2125, 2126. We have reviewed the record and conclude that there is substantial evidence which satisfies the required standard of review.

Defendant was convicted of deliberate homicide pursuant to § 45-5-102(1)(a), MCA, which provides that "[a] person commits the offense of deliberate homicide if . . . he purposely or knowingly causes the death of another human being." Defendant contends that the evidence can only support an acquittal based on the defense of justifiable use of force. Defendant urges this Court to review the testimony of certain eyewitnesses to the crime to conclude that the jury was mistaken in finding him guilty. It was the jury's prerogative to accept or reject defendant's claims of self

3

defense in this case. State v. Van Hael (1983), 207 Mont. 162, 166-167, 675 P.2d 79, 81-82. When confronted with two versions of the incident in question, one version which supports acquittal and another which supports a conviction, the jury must determine which version is reasonable. Cf. Tome, 742 P.2d at 481. In addition to defendant's alleged evidence, the jury was also presented with evidence that defendant, instead of remaining in the kitchen, selected a five-inch knife, approached an unarmed Cochran from behind, and stabbed him several times. A reasonable trier of fact could have concluded from the evidence that defendant was guilty of deliberate homicide.

Defendant next contends that the District Court erred in making certain evidentiary rulings. The first contested evidentiary ruling concerns testimony regarding the nature of the apartment complex in which the crime occurred. Defendant sought to solicit testimony from several witnesses which tended to show that the apartment complex was "condemned, filthy, substandard, and a dangerous hovel." This evidence, defendant asserts, is relevant to support an inference that he was placed in fear of bodily injury because dangerous surroundings can "magnify the fear of the victim [defendant]." Defendant does not cite any legal authority to support this assertion.

It is within the discretion of the District Court to rule on the admissibility of evidence and we will not disturb the District Court's ruling unless there was an abuse of that discretion. State v. Breitenstein (1979), 180 Mont. 503, 509, 591 P.2d 233, 236. The State contends that the offered evidence concerning the apartment complex is not relevant to any issue in this case. We agree. Evidence of the history of the apartment complex is not relevant as to whether defendant knowingly or purposely committed deliberate

4

homicide nor is the evidence relevant to his claim of self defense. Rules 401, 402, M.R.Evid. We hold that the District Court did not abuse its discretion and properly excluded the evidence in question.

Defendant also believes that the District Court should have allowed him to give the jury a demonstration as to "how he punches like a woman, blocks like a sissy and why a knife was an appropriate choice [to equalize Cochran's fighting prowess]." Defendant argues that this evidence tends to show that he could not defend himself without the use of a weapon. The District Court refused to allow a "side show" of defendant's ability to defend himself. The State points out that the record contains ample evidence of defendant's fighting abilities and argues that the District Court did not err in prohibiting actual physical demonstrations. We agree. The demonstrative evidence in question was cumulative and its exclusion does not constitute reversible error. Rule 403, M.R.Evid.; State v. Short (Mont. 1985), 702 P.2d 979, 983, 42 St.Rep. 1026, 1031.

Defendant next contends that the District Court should have allowed him to introduce evidence of Cochran's prior violent acts. The District Court ruled that such evidence was admissible only if defendant was aware of Cochran's violent propensities at the time of the crime. No objection was made to the District Court's ruling on this matter at the time of trial. Defendant concedes that he was unaware of Cochran's violent history and that such evidence is inadmissible, but urges this Court to adopt a new rule. We need not address defendant's request that we adopt a new rule of law on this issue because we will not address an issue raised for the first time on appeal. Gilpin, ____ P.2d at ____, 45 St.Rep. at 876.

5

Defendant's third contention of error deals with the District Court's refusal to give four jury instructions. Defendant offered a jury instruction regarding the effect of circumstantial evidence which the District Court refused on the grounds that the instruction could only be given in a case based solely on circumstantial evidence. The offered jury instruction in question contained the following relevant language:

> [I]f the jury after careful and impartial consideration of all the evidence in the case, has a reasonable doubt that a defendant is guilty of the charge, it must acquit. If the jury views the evidence in the case as reasonably permitting either of the two conclusions -- one of innocence, the other of guilt -- the jury should of course adopt the conclusion of innocence.

Defendant argues that the above portion of the instruction was necessary because he "was in an alcoholic blackout on the night in question and had no ability to recall and testify to his state of mind and the reasonableness of his actions."

Defendant asserts that his subjective state of mind can only be judged by direct eyewitness testimony. It is exactly the direct evidentiary nature of this eyewitness testimony which serves to defeat defendant's claim for his offered instruction. State v. Ryan (Mont. 1987), 744 P.2d 1242, 1244, 44 St.Rep. 1735, 1737. This case was based solely on direct evidence. The eyewitnesses testified as to the events surrounding the crime. Defendant's offered instruction is proper where the State's case rests substantially or entirely on circumstantial evidence. State v. Stever (Mont. 1987), 732 P.2d 853, 859-60, 44 St.Rep. 283, 291.

Defendant also makes a passing argument that the District Court erred in refusing to instruct the jury on the State's burden of proof, self-defense, and the duty to

6

retreat. The District Court refused several of defendant's offered instructions on the grounds that the instructions were incorrect statements of the law and/or that other given instructions sufficiently covered relevant legal theories. The State directs our attention to the jury instructions given in this case to argue that it is not error for the District Court to refuse an instruction that is adequately covered by the instructions that were given as long as the rights of the defendant were fully protected. We have reviewed the instructions given and refused and agree with the State that the District Court did not err in instructing the jury. State v. Sunday (1980), 187 Mont. 292, 609 P.2d 1188.

Defendant's final contention of error is that the District Court should have granted a new trial because a juror allegedly read a July 9, 1987, article in the Great Falls Tribune newspaper which contained the following:

> Deputy County Attorney, Steve Hagerman, who with colleague Jeff McAllister is prosecuting Crazy Boy told McCarvel "the evidence is replete he has resorted to fisticuffs in the past, and to knives." He mentioned instances from past reports that Crazy Boy hit another man with a beer bottle, and was arrested for misdemeanor assault after waiving a knife.

In support of defendant's motion for a new trial, defendant's attorney submitted an affidavit from his secretary in which she claims to have heard a juror admit to reading the newspaper and articles about the trial during trial.

Section 25-11-102(2), MCA, provides the following language pertinent to this issue:

> The former verdict or other decision may be vacated and a new trial granted on the application of the party aggrieved for any of the following causes materially

7

affecting the substantial rights of such party:

. . .

(2) misconduct of the jury. Whenever any one or more of the jurors have been induced to assent to any general or special verdict or to a finding on any general or special verdict or to a finding on any question submitted to them by the court by a resort to the determination of chance, such misconduct may be proved by the affidavit of any one of the jurors.

In light of the above statute, defendant's argument must fail for two reasons. First, defendant has not identified the juror nor has he submitted an affidavit from that juror. Second, defendant has failed to show that the juror was induced to assent to the verdict in this case or that any of defendant's rights have been materially affected. In short, defendant has shown no prejudice and the District Court did not err in denying his motion for a new trial.

Affirmed.

_____
Justice

We concur:

_____

_____

_____

_____
Justices