JUSTICE GRAY
concurs and dissents.
¶127 I concur in the Court’s opinion on all issues except issue 8. On that issue, which is whether the District Court erred in excluding a demonstative videotape from evidence, I respectfully dissent.
¶ 128 My first concern is with the Court’s decision to remand this issue for reconsideration under our cases involving the admissibility of demonstrative evidence. By failing to address and resolve this issue now, with a full record and an articulated decision by the District Court before us, the Court merely leaves an unresolved issue for potential appeal after retrial. This course strikes me as unwise, particularly in light of the fact that the Court has resolved all other issues on appeal — including issue 7, which could have been remanded for reconsideration in light of Nelson, which was decided after the present case had been tried. In my view, the Court took the wise approach in deciding issue 7 — rather than remanding it — in order to avoid the possibility of leaving a potentially appealable issue for resolution after retrial. The Court should follow the same wise course on issue 8.
¶129 Moreover, I suspect that the Court’s failure to resolve the issue, and its directive that the District Court reconsider its decision, may be a backhanded way of telling the District Court that it erred in this regard and should avoid doing so in the next trial. If it is the Court’s decision that the trial court erred, it should say so. If not, it should say so. To leave the District Court in such a quandary seems inappropriate.
¶130 I would address issue 8 on the merits and affirm the District Court. The Court faults the trial court for failing to consider all of the factors set forth in Workman, Brown and Palmer I would not. We have never held that those three cases, or any others, create a mandatory laundry list of factors to be considered to the exclusion of any others. Nor is the Court’s list of relevant cases complete. If the Court desires the trial court to review each and every case addressing the admissibility of demonstrative evidence, and articulate its decision on each factor mentioned therein, I suggest that it asks too much. If that is to be the trial court’s burden, however, the Court should at least include
*52 in its list cases such as State v. Crazy Boy (1988), 232 Mont. 398, 757 P.2d 341, which concludes that the exclusion of cumulative demonstrative evidence does not constitute reversible error.
¶ 131 Furthermore, it is my view that the District Court sufficiently addressed the factors in Workman, Brown and Palmer, as well as several other factors appropriate to the circumstances here. In this regard, I observe that the Court has neglected to include the entirety of the District Court’s rationale in excluding the videotape and, to set the record straight, I note that — in addition to the reasons set forth in the Court’s opinion — the District Court also determined that the videotape would not assist the jury and, indeed, would mislead the jury by giving visual emphasis to only one of several equally probable scenarios.
¶132 In Workman, 190 Mont. at 24, 617 P.2d at 1291, we stated that the admissibility of demonstrative exhibits depends “on whether it would be helpful to permit the witness to supplement his [verbal] description by their use.” Presumably our reference to “helpful” meant helpful to the jury. Here, the District Court determined in that regard that the videotape would not assist the jury, but would mislead it. We also concluded in Workman (190 Mont. at 24, 617 P.2d at 1291) that demonstrative evidence is inadmissible when it does not illustrate or make more clear some issue (that is, when the evidence is irrelevant or immaterial) or when the evidence is “of such a character as to prejudice the jury.” Here, the District Court effectively determined that the videotape would prejudice the jury by overemphasizing one of a number of equally probable scenarios.
¶133 In Brown, 176 Mont. at 117, 576 P.2d at 722, we required that demonstrative movies be “accurate and relevant.” Here, the District Court determined that the distance depicted on the videotape was not accurate in that it was not based on the testimony of any of the witnesses. The record reflects that the District Court was correct in so determining, because Dr. Lee used a 1/5 mile distance in the videotape and the witness’ testimony was “less than lA mile,” while his interview statement — on which Dr. Lee relied — gave the distance as 1/4 to A mile.
¶134 In Palmer, 233 Mont. at 522-23, 761 P.2d at 406, we stated a 3-part test for the admissibility of demonstrative evidence: 1) the evidence must supplement the witness’ spoken description of the transpired event; 2) it must clarify some issue in the case; and 3) it must be more probative than prejudicial. It is true that, in this case, the District Court did not articulate precisely whether the first two parts *53 of the Palmer test were met. The Court’s suggestion to the contrary notwithstanding, however, all three parts of the Palmer test clearly need not be addressed if the trial court makes a determination under the third part that the demonstrative exhibit is, in fact, more prejudicial than probative. The Court correctly notes in this regard that the District Court did consider whether the prejudicial effect of the videotape outweighed its probative value and concluded that it did.
¶ 135 On this record, it is clear that the District Court properly considered and addressed the factors set forth in Workman, Brown and Palmer for admissibility of demonstrative evidence. In addition, the District Court could properly have determined — under Crazy Boy — that the videotape was merely cumulative to Dr. Lee’s testimony about the one scenario depicted therein. Indeed, the court implicitly did so when it determined that to use the videotape to emphasize only one of the probable scenarios to which Dr. Lee testified would mislead the jury.
¶ 136 I would conclude that the District Court did not abuse its discretion in excluding the demonstrative videotape. Therefore, I dissent from the Court’s opinion on issue 8.