FILED

June 24 2014

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 13-0066

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 165N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

YMIR JULE VON KOENIGSBERG-TYRVALDSEN,

      Defendant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. CDC 2011-197
Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Nancy G. Schwartz, NG Schwartz Law, PLLC, Billings, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Jonathan M. Krauss, Assistant
Attorney General, Helena, Montana

          Leo J. Gallagher, Lewis and Clark County Attorney, Lisa Leckie, Deputy
County Attorney, Helena, Montana

Submitted on Briefs:  May 28, 2014
Decided:  June 24, 2014

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Ymir Jule Von Koenigsberg-Tyrvaldsen (Jule) appeals from the judgment of the Montana First Judicial District Court, Lewis and Clark County, sentencing him to the Montana Department of Corrections for 5 years, after a jury found him guilty of assault with a weapon. We affirm.

¶3      Jule's conviction stems from an altercation over the purchase of a dilapidated trailer from Mark Lorenz (Lorenz). In October or November of 2010, Jule purchased the trailer from Lorenz for $1,100, which price included the trailer, a 100-pound propane tank, and towing the trailer to some Bureau of Land Management (BLM) land adjacent to a mutual friend's property. At the time of purchase, Jule put $300 down on the trailer and he paid additional sums of money in increments throughout the year.

¶4      By July 10, 2011, Lorenz testified, Jule still owed him several hundred dollars. In addition, Lorenz, who still held the title to the trailer, had received a call from the BLM telling him he needed to remove the trailer from the public land. Lorenz, with his wife and sister, decided to go repossess the trailer. When they got to the trailer, Lorenz discovered that the front jacks had been dismantled and the trailer could not be moved. He sought and found Jule at the home of the mutual friend who had arranged the deal. Jule said he had paid in full for the trailer. Jule and Lorenz returned to the trailer. There, Jule called the police;

2

parked his car so that Lorenz could not access the trailer hitch; and began either pulling the lug nuts on the wheels off of the trailer, or (he claimed) putting them back on. Lorenz got out of his truck, approached Jule, and told Jule to stop dismantling the vehicle. Jule claimed that at this point Lorenz yelled: "I have title, a handgun, and I will kill you," but Lorenz denies making this threat. As Lorenz went to return to his truck he said he heard a sound and turned around. He said he then saw Jule pull a gun out of his shirt and point it at him. Lorenz testified that Jule said, "Not another step, or I'll kill you where you stand." Although no shots were fired during this incident, Lorenz drove to safety and called the police. When questioned by dispatch and law enforcement, Jule twice denied having a gun—but officers located a weapon when they later searched Jule's trailer. Jule was charged with assault with a weapon.

¶5 Before trial, Jule announced his intention to rely on a justifiable use of force defense. The jury was given a series of pattern jury instructions, offered by Jule, on justifiable use of force. The jury returned a guilty verdict.

¶6 The only issue properly presented for our review in this matter is whether the State presented sufficient evidence to sustain Jule's conviction for assault with a weapon, without justification. Although Jule also makes arguments about interpretation of the justifiable use of force statutes and the jury instructions he proposed, these arguments are raised for the first time on appeal and we will not consider them further. *See State v. Norman*, 2010 MT 253, ¶ 16, 358 Mont. 252, 244 P.3d 737.

¶7 On appeal, we review the evidence to determine whether, when viewed in a light most favorable to the State, it is sufficient for a rational trier of fact to have found the State

3

rebutted the justifiable use of force affirmative defense. *See State v. Crazy Boy*, 232 Mont. 398, 401, 757 P.2d 341, 342-43 (1988). When confronted with two versions of the incident in question, one version which supports acquittal and another which supports a conviction, the jury must determine which version is reasonable. *Crazy Boy*, 232 Mont. at 401, 757 P.2d at 343. We have repeatedly held that conflicting testimony does not render the evidence insufficient to support a guilty verdict, and determinations of credibility and weight of testimony are within the exclusive province of the jury. *State v. Wood*, 2008 MT 298, ¶ 43, 345 Mont. 487, 191 P.3d 463.

¶8      A person commits assault with a weapon if the person purposely or knowingly causes reasonable apprehension of serious bodily injury in another by use of a weapon or what reasonably appears to be a weapon. Section 45-5-213(1)(b), MCA. Sections 45-3-102 to -104, MCA, provide that a person may use force in self defense, in defense of an occupied structure, or in defense of other personal property. Section 46-16-131, MCA, provides: "In a criminal trial, when the defendant has offered evidence of justifiable use of force, the state has the burden of proving beyond a reasonable doubt that the defendant's actions were not justified." The State concedes that Jule has presented sufficient evidence of justifiable use of force to shift to the State the burden of proving his actions were not justified. To carry its burden, the State was required to prove that "use of force" or "threat to use force" by commission of assault with a weapon was not justified in defense of himself or in defense of personal property in his possession. The question, then, is whether the State carried that burden. We conclude that it has.

¶9      After hearing testimony from Lorenz and Jule, as well as other witnesses, the jury

4

determined that Jule had committed aggravated assault that was not justified. Jule testified at trial that Lorenz initially threatened to shoot him. When Lorenz supposedly made this threat, he was not holding a weapon, nor did any evidence confirm that he was able to gain access to one immediately. Lorenz denied making the statement. Lorenz testified that he saw Jule pull a gun out of his pants and heard him threaten to shoot Lorenz. His wife confirmed that Jule had threatened Lorenz with a gun. When this occurred, Jule had called police, who were on their way. Jule had his car parked so the trailer could not be moved and may have been removing lug bolts from the trailer's wheels. Beyond Jule's contested assertion that Lorenz threatened him, there was no evidence that Lorenz posed any risk of harm to Jule's person. Nor was there any threat to Jule's property, as Jule had dismantled the trailer hitch and blocked Lorenz's access to the trailer with his vehicle. Based on the testimony, the jury determined Jule's version of events was not reasonable. We conclude that the evidence before the jury was sufficient to support its conclusion that Jule was not justified in brandishing a gun to prevent Lorenz from removing the trailer.

¶10    We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. On the record before it, a reasonable jury could conclude that Jule's use of force was not justified.

5

¶11 Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE