FILED

08/08/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0111

DA 16-0111

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 192

STATE OF MONTANA,

        Plaintiff and Appellee,

   v.

ADAM SANCHEZ, JR.,

        Defendant and Appellant.

| | |
|---|---|
| APPEAL FROM: | District Court of the Eighth Judicial District, In and For the County of Cascade, Cause No. DDC-14-365 Honorable Dirk M. Sandefur, Presiding Judge |

COUNSEL OF RECORD:

        For Appellant:

                Chad Wright, Chief Appellate Defender, Koan Mercer, Assistant Appellate Defender, Helena, Montana

        For Appellee:

                Timothy C. Fox, Montana Attorney General, Katie F. Schulz, Assistant Attorney General, Helena, Montana

                Carey Ann Haight, Cascade County Attorney, Joshua A. Racki, Deputy County Attorney, Great Falls, Montana

Submitted on Briefs: June 21, 2017

Decided: August 8, 2017

Filed:

_____
                 Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1      Adam Sanchez, Jr. appeals from his October 2015 conviction and sentence for deliberate homicide and several other offenses.  We affirm.

¶2      The issue on appeal is whether the District Court abused its discretion by giving jury instruction No. 12:  "When circumstantial evidence is susceptible to two interpretations, one that supports guilt and one that supports innocence, the jury determines which is most reasonable."

## FACTUAL AND PROCEDURAL BACKGROUND

¶3      This case arises from an August 2014 incident in Cascade County, Montana.  A Montana Highway Patrol Trooper observed Sanchez's vehicle driving over the speed limit and attempted to make a traffic stop.  Sanchez did not stop but continued driving through the Great Falls area, often at high speed, while being pursued by officers. Pursuing officers and citizens in the area observed Sanchez slowing when he needed to avoid a collision with other vehicles, and they observed him waiting for oncoming traffic to clear before passing other vehicles.  Officers observed Sanchez maneuver around barriers at high speed, including driving into the roadside ditch, all the while maintaining control of his vehicle.

¶4      Cascade County Deputy Sheriff Joe Dunn placed his patrol car off the side of the road with emergency lights flashing and attempted to lay spike strips on the highway ahead of Sanchez's vehicle.  Motorists on the same roadway saw Deputy Dunn on or near the roadway, and slowed or stopped in response.  Witnesses observed that Sanchez did

2

not stop, but passed another vehicle then swerved his vehicle to Deputy Dunn's side of the roadway and struck him. Witnesses reported that Dunn was in plain view and that Sanchez could have avoided him but instead swerved toward Dunn striking him with his vehicle. Witnesses and patrol car video showed that Sanchez had a clear field of vision and that there was no oncoming traffic when he swerved to hit Deputy Dunn. There was no evidence that Sanchez slowed or attempted to brake as he hit Deputy Dunn, who died from the impact.

¶5 Sanchez did not stop. After hitting Deputy Dunn, he continued to elude pursuit at high speeds. Other drivers narrowly avoided being hit by Sanchez's vehicle, and Sanchez swerved toward another officer who was on the road setting up tire spikes. In that incident, Sanchez left his lane of travel, crossed a double center line and swerved in front of oncoming traffic toward the officer. Fortunately, that officer was not injured. Sanchez eventually stopped in Black Eagle after officers disabled the tires of his vehicle. Sanchez continued to try to move his vehicle, resisted arrest, and fought with officers. He was eventually subdued.

¶6 The State charged Sanchez with felony offenses of deliberate homicide (§ 45-5-102, MCA); assault with a weapon (§ 45-5-213, MCA); assault on a police officer (§ 45-5-210, MCA); and two counts of criminal endangerment (§ 45-5-207, MCA). The jury convicted Sanchez of all the charged offenses but one. On that charge the jury convicted him of a lesser included offense, negligent endangerment, § 45-5-208, MCA. The District Court sentenced Sanchez to life imprisonment without the possibility of parole.

3

## STANDARD OF REVIEW

¶7     A district court has broad discretion when instructing a jury, which this Court reviews for abuse of discretion.  *State v. Zlahn*, 2014 MT 224, ¶ 14, 376 Mont. 245, 332 P.3d 247.  We review the instructions as a whole to determine whether they fully and fairly instruct the jury on the applicable law.  *State v. Kaarma*, 2017 MT 24, ¶ 7, 386 Mont. 243, 390 P.3d 609.  Reversible error occurs only when the instructions prejudice the defendant's substantial rights.  *Zlahn*, ¶ 14.

## DISCUSSION

¶8     *Issue:  Whether the District Court abused its discretion by giving jury instruction No. 12:  "When circumstantial evidence is susceptible to two interpretations, one that supports guilt and one that supports innocence, the jury determines which is most reasonable."*

¶9     At trial Sanchez properly preserved his objection to this instruction.  He argues that the disputed instruction relieved the State of its burden to prove him guilty beyond a reasonable doubt.  He contends that the instruction violated his right to due process by allowing the jury to convict him based upon evidence that was only "reasonable," instead of requiring proof beyond a reasonable doubt. He contends that the disputed instruction conflicted with his entitlement to a presumption of innocence.  Sanchez contends that this was especially important in his case because his mental state during the events was a primary issue, and that the jury was instructed that mental states "often may not be proved directly" but may be proved through circumstantial evidence.

¶10     The State argues that taken as a whole the jury instructions in this case fully and fairly covered all relevant points of law, and that Sanchez cannot establish that the

instructions shifted the State's burden to prove him guilty beyond a reasonable doubt. The State contends that the disputed instruction is supported by clear case law and that it only assists the jury in resolving certain disputed issues of fact regarding circumstantial evidence. The State further contends that the case against Sanchez was not based primarily upon circumstantial evidence, but was based almost entirely upon direct evidence of the events such as contemporary video recordings, photographs, eyewitness accounts, and physical evidence.

¶11 We first consider the instructions as a whole to determine whether the District Court fully and fairly instructed the jury. *Kaarma*, ¶ 7. The District Court provided the jurors with twenty-four instructions plus a verdict form. The District Court instructed that the fact that charges were brought against Sanchez could not be taken as any indication, evidence or proof that he was guilty of any offense. The instructions provided that the State

> has the burden of proving the guilt of the Defendant beyond a reasonable doubt. Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person would rely and act upon it in the most important of his or her own affairs.

Instruction No. 4. The District Court instructed that Sanchez

> is presumed to be innocent of the charges against him. This presumption remains with him throughout every stage of the trial and during your deliberations on the verdict. It is not overcome unless from all the evidence in the case you are convinced beyond a reasonable doubt that the defendant is guilty.

Instruction No. 4. The Court instructed that each charge is a separate offense; Sanchez could be found guilty only if the State met its burden to prove each element of each

5

offense beyond a reasonable doubt. Instruction No. 6. The District Court instructed the jurors that they "are the sole judges of the credibility, that is, the believability, of all the witnesses." Instruction No. 8.

¶12 The District Court instructed the jury to determine the "weight or relative weight to be given to the testimony of each witness" and to "carefully consider all the testimony given, the circumstances under which each witness has testified, and every matter in evidence that tends to indicate whether a witness is worthy of belief." Instruction No. 8. The District Court instructed the jury that they could rely on the appearance of witnesses; their manner; their apparent candor, fairness, and intelligence; and their knowledge of the subject of their testimony.

¶13 The District Court instructed that there is seldom direct proof of a person's purpose or knowledge, and that the jury could consider "any relevant circumstantial evidence" in that regard. Instruction No. 13. The District Court instructed the jury that they "may infer the defendant's state of mind or mental state, including his purpose and knowledge, from the Defendant's statements, acts, and conduct in conjunction with any and all other relevant facts and circumstances in evidence." Instruction No. 13.

¶14 The District Court then gave separate instructions as to each of the charges, beginning with deliberate homicide in the death of Deputy Dunn under the felony murder rule. That instruction required the State to "prove beyond a reasonable doubt" that Sanchez committed the offense of assault with a weapon against Deputy Dunn, and that in the course of doing so caused the death of Deputy Dunn. The District Court instructed that a person commits assault with a weapon if he purposely or knowingly causes another

6

reasonable apprehension of serious bodily injury by use of a weapon. The District Court instructed the jury on the statutory requirements for the mental states of purposeful and knowing conduct, and on the definition of "cause," "serious bodily injury," and "weapon." The District Court again instructed that the State must prove all the elements of the felony murder charge "beyond a reasonable doubt." Instruction No. 14.

¶15 The record is clear that the District Court instructed the jury separately on the elements of each of the offenses, including the requisite mental state for each. Each of the individual offense instructions required the jury to convict only if the State proved each element of the offense "beyond a reasonable doubt," and to acquit if the State did not.

¶16 Upon review of all the instructions, we conclude that the disputed instruction on its face did not relieve the State of any of its burden to prove Sanchez guilty beyond a reasonable doubt. Rather, it only provided the jury with some guidance for resolving competing interpretations of circumstantial evidence. If the jury found that an interpretation of circumstantial evidence was reasonable, it could be considered in conjunction with any other evidence to determine whether the State met its burden to prove guilt of each offense beyond a reasonable doubt. It is the overall weight of the evidence, and not any particular inference from the evidence, that determines the jury's ultimate decision on guilt. The existence of alternative interpretations of circumstantial evidence does not mean that both interpretations are equally persuasive or weighty. Sanchez's argument would require the jury to accept the interpretation that tended to

7

show innocence, even if the alternative interpretation that tended to show guilt was more persuasive, or more reasonable, or more likely to be the truth.

¶17 In *State v. Misner*, 2007 MT 235, ¶¶ 39-40, 339 Mont. 176, 168 P.3d 679, this Court rejected the argument that if two interpretations of circumstantial evidence are equally persuasive, the jury must adopt the one favoring innocence. This Court has plainly held that a district court may properly give the circumstantial evidence instruction which is at issue in this case requiring the jury to accept the interpretation of circumstantial evidence they believe is the most reasonable. *State v. Bullman*, 2009 MT 37, ¶ 21, 349 Mont. 228, 203 P.3d 768 ("When circumstantial evidence is susceptible to two reasonable interpretations, one which supports guilt and the other which supports innocence, the trier of fact determines which interpretation is most reasonable."); *State v. Rosling*, 2008 MT 62, ¶ 36, 342 Mont. 1, 180 P.3d 1102; *State v. Hall*, 1999 MT 297, ¶ 22, 297 Mont. 111, 991 P.2d 929; *State v. Arthun*, 274 Mont. 82, 91, 906 P.2d 216, 221.

¶18 A district court has broad discretion in formulating and approving jury instructions. *Kaarma*, ¶ 7. A district court should not direct the jury on which evidence to believe, *Misner,* ¶¶ 38-40, and a jury must be allowed to consider collectively "all facts and circumstances" in determining guilt or innocence. *Bullman*, ¶ 21. The jury "has a prerogative to accept or reject testimony" and therefore must determine which of the competing interpretations of evidence is most reasonable. *State v Benson*, 1999 MT 324, ¶ 14, 297 Mont. 321, 992 P.2d 831.

¶19 The weight to give evidence and the assessment of witness credibility are "exclusively the province" of the jury, which determines what evidence to believe. *State*

*v. Vandersloot*, 2003 MT 179, ¶ 18, 316 Mont. 405, 73 P.3d 174. Determining credibility and the weight to be given to conflicting evidence are exclusively the responsibility of the jury. *State v. Wood*, 2008 MT 298, ¶ 43, 345 Mont. 487, 191 P.3d 463. The jury, exclusively, draws inferences from circumstantial evidence and should determine its conclusions on elements of the crime if "warranted by the evidence as a whole." *State v. Kelly*, 2005 MT 200, ¶ 21, 328 Mont. 187, 119 P.3d 67.

¶20 Sanchez has the burden to show that the disputed instruction adversely affected his substantial rights. *Zlahn*, ¶ 14. Our review of the instructions as a whole demonstrates that the District Court repeatedly and properly instructed the jury that the State must prove guilt beyond a reasonable doubt. It is clear, considering all the instructions, that the disputed instruction did not adversely affect Sanchez's substantial rights.

## CONCLUSION

¶21 The District Court fully and fairly instructed the jury in this case, and the instructions did not adversely affect Sanchez's substantial rights.

¶22 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE

Justice Laurie McKinnon, concurring.

¶23    I agree that Sanchez has not met his burden of establishing the disputed instruction adversely affected his substantial rights and that, as a whole, the jury was properly instructed that the State must prove guilt beyond a reasonable doubt.  However, in a case such as this where the direct evidence of guilt is strong and it was unnecessary for the jury to rely on circumstantial evidence, I would take the opportunity to correct what I believe to be error in this Court's precedent regarding the "most reasonable" instruction.

¶24    The District Court gave an instruction which has been approved by this Court and adopted as a pattern jury instruction, based upon precedent considering sufficiency of the evidence.  The instruction grew from language in *State v. Atlas*, 224 Mont. 92, 95, 728 P.2d 421, 423 (1986), where this Court addressed whether substantial evidence supported a conviction for homicide.  After explaining that substantial evidence exists when "a reasonable person would accept the conclusion, when viewed in the light most favorable to the prevailing party[,]" we explained that if "circumstances are capable of two interpretations, the trier of fact determines which is most reasonable." *Atlas*, 224 Mont. at 95, 728 P.2d at 423.  Subsequent precedent addressing sufficiency of the evidence built on the language of *Atlas*, and, in *State v. Bowman*, 2004 MT 119, 321 Mont. 176, 89 P.3d 986, this Court ultimately replaced a prior circumstantial evidence instruction with the "most reasonable" instruction.

¶25    Importantly, pre-*Bowman* precedent leading to the "most reasonable" instruction did not contemplate a choice between two *reasonable* interpretations, but rather recognized that as between two interpretations, the jury must decide which is reasonable.

10

Our previous circumstantial evidence instruction as set forth in *State v. Lucero*, 214 Mont. 334, 693 P.2d 511 (1984), which we jettisoned in *Bowman*, instructed the jury with respect to competing interpretations of evidence, both of which were reasonable. Pursuant to *Lucero*, "if the circumstantial evidence was susceptible to two *reasonable* interpretations, one of which points to the defendant's guilt and the other to his innocence, it is the duty of the jury to adopt the interpretation which points to the defendant's innocence and reject that interpretation which points to his guilt." *Lucero*, 214 Mont. at 339, 693 P.2d 513-14 (emphasis added). In the context of competing reasonable interpretations of the evidence, the *Lucero* instruction was consistent with the State's burden of proof and the defendant's presumption of innocence. The *Lucero* instruction did not inject a measure of reasonableness as *Bowman* does, and thus did not compromise the competing measure of the evidence in the context of the State's burden of proof.

¶26 In my view, the "most reasonable" instruction is inconsistent with the presumption of innocence to which a defendant is entitled. Were this case based entirely on circumstantial evidence, the jury would have been given conflicting jury instructions that it should adopt the "most reasonable" interpretation of the circumstantial evidence while also being instructed the State's burden was to prove guilt beyond a reasonable doubt and the defendant was entitled throughout trial to a presumption of innocence. The "most reasonable" instruction mistakenly draws on sufficiency precedent and, in doing so, injects a comparative measure—"most"—which potentially compromises the reasonable doubt standard.

11

¶27　I would endorse a circumstantial evidence instruction which could be relied upon to produce a result consistent with the State's burden of proving guilt and the defendant's presumption of innocence. The instruction given, "[w]hen circumstantial evidence is susceptible of two interpretations, one that supports guilt and one that supports innocence, the jury determines which is most reasonable," directed the jurors to compare interpretations and choose the interpretation "most" reasonable. While a jury must evaluate interpretations and assess whether they are reasonable, that interpretation must still be measured against the State's burden of proof beyond a reasonable doubt and a defendant's presumption of innocence. The "most reasonable" instruction, due to its origins in sufficiency precedent, obscures the distinction between evaluating and assessing the evidence with measuring that evidence against the State's burden of proof. Potentially, the "most reasonable" instruction, though not here, could undermine the reliability of a conviction which is based entirely on circumstantial evidence. I see no reason to wait until such a case surfaces and then reverse a hard-fought conviction. I would clarify these principles and thus avoid any potential confusion between evaluating conflicting evidence, which requires the jury employ reason, and measuring that interpretation against the State's burden of proving guilt beyond reasonable doubt.

¶28　In my opinion, this case presents the perfect opportunity to make such a clarification. Accordingly, I would return to the pre-*Bowman* instruction embraced in *Lucero*, and instruct as follows: if the circumstantial evidence was susceptible to two reasonable interpretations, one of which points to the defendant's guilt and the other to his innocence, it is the duty of the jury to adopt the interpretation which points to the

12

defendant's innocence and reject that interpretation which points to his guilt. With this qualification, I concur in the Court's decision to affirm Sanchez's conviction.

/S/ LAURIE McKINNON

Justice Beth Baker, concurring.

¶23 I concur in the Court's decision. Sanchez argues for an instruction that would direct the jury "to adopt the interpretation which points to the defendant's innocence" when the evidence reasonably supports two conclusions—one favoring the defendant's innocence and the other tending to establish his guilt. We have stated that such an instruction "is proper where the State's case rests substantially or entirely on circumstantial evidence." *State v. Steffes*, 269 Mont. 214, 235, 887 P.2d 1196, 1209 (1994) (citing *State v. Crazy Boy*, 232 Mont. 398, 403, 757 P.2d 341, 344 (1988)); *see also State v. Stever*, 225 Mont. 336, 346, 732 P.2d 853, 860 (1987) (noting that, even if the Court were to "accept defendant's statement of the law, his proposed instruction is warranted only where the case of the State rests substantially or entirely upon circumstantial evidence"). As the State points out, it presented the jury with substantial direct evidence in this case. Opinion, ¶ 10. The trial court did not err in its instructions.

/S/ BETH BAKER