JUSTICE BAKER,
concurring.
¶29 I concur in the Court’s decision. Sanchez argues for an instruction that would direct the jury “to adopt the interpretation which points to the defendant’s innocence” when the evidence reasonably supports two conclusions—one favoring the defendant’s innocence and the other tending to establish his guilt. We have stated that such an instruction “is proper where the State’s case rests substantially or entirely on circumstantial evidence.” State v. Steffes, 269 Mont. 214, 235, 887 P.2d 1196, 1209 (1994) (citing State v. Crazy Boy, 232 Mont. 398, 403, 757 P.2d 341, 344 (1988)); see also State v. Stever, 225 Mont. 336, 346, 732 P.2d 853, 860 (1987) (noting that, even if the Court were to “accept defendant’s statement of the law, his proposed instruction is warranted only where the case of the State rests substantially or entirely upon circumstantial evidence”). As the State points out, it presented the jury with substantial direct evidence in this case. Opinion, ¶ 10. The trial court did not err in its instructions.